[Cite as *Nationwide Mut. Ins. Co. v. Aaserud*, 2014-Ohio-517.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nationwide Mutual Insurance Company, | : | |
| Plaintiff-Appellee, | : | No. 13AP-359 |
| v. | : | (C.P.C. No. 12CVH08-11034) |
| Shelley Aaserud, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 13, 2014

*Bricker & Eckler LLP*, *Quinton F. Lindsmith*, *James P. Schuck*, and *Victoria A. Flinn*, for appellee.

*Eugene R. Butler Co.*, *LPA*, and *Eugene R. Butler*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Shelley Aaserud, appeals from the judgment of the Franklin County Court of Common Pleas granting a default judgment in favor of plaintiff-appellee, Nationwide Mutual Insurance Company. For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} On August 30, 2012, appellee filed a complaint seeking preliminary and permanent injunctive relief, as well as a declaratory judgment. The complaint alleged appellant was acting in contravention of various agreements that arose out of her prior employment with appellee. After an ex parte hearing on appellee's motion for a

temporary restraining order ("TRO"), the trial court concluded appellee failed to demonstrate the existence of either irreparable harm or an immediate emergency situation to justify a TRO on "virtually no notice to the defendant." (Sept. 5, 2012 Journal Entry, 2.)

{¶ 3} Service on appellant was perfected on September 7, 2012, and on October 5, 2012, appellant filed a motion seeking a 28-day extension of time in which to file her answer. According to the motion, additional time was needed to retain counsel. Prior to receiving a ruling on this motion, on November 7, 2012, appellant filed a motion seeking an additional 28 days, until December 4, 2012 in which to file an answer. The second motion again requested additional time to retain counsel. Both motions were unopposed by appellee, and on December 5, 2012, the trial court granted the motions. In doing so, the trial court allowed appellant an additional 28 days from December 5, or until January 2, 2013, in which to file a response to the complaint.

{¶ 4} No answer having been filed, appellee moved for default judgment, pursuant to Civ.R. 55(A), on February 15, 2013. Appellant then filed an answer on February 20, and on February 28, filed a "motion to deny plaintiff's request for default judgment." In this motion, appellant stated she secured the services of an attorney in Columbus, Ohio and would submit counsel's name to the court within ten days. Also in her motion, appellant stated she attempted to electronically file an answer on January 3, 2013, and was unaware that the submission had not been completed. In the reply brief in support of its motion for default, appellee noted appellant's answer of February 20, 2013 was of no consequence because it was untimely and without leave of court. On March 29, 2013, the trial court issued a judgment entry granting appellee's motion for default judgment and denying appellant's motion to deny the motion for default judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 5} In this appeal, appellant brings two assignments of error for our review:

[I.] The trial court erred and abused its discretion in failing to grant Defendant leave to file her answer one day out of rule.

[II.] The trial court erred and abused its discretion in granting Plaintiff a default judgment on a motion for injunctive relief.

## III.  DISCUSSION

### A.  Appellee's Motion to Modify

{¶ 6}   Appellant filed an appellate brief pro se on June 20, 2013.  Due to the lack of compliance with both appellate and local rules, this court sua sponte struck the brief via entry on June 25 and provided appellant additional time in which to file a conforming brief.  Appellant, through counsel, filed said brief on July 5.

{¶ 7}   Shortly thereafter, appellee filed a motion asking this court to modify its June 25 entry striking appellant's June 20 brief.  Specifically, appellee asserts the July 5 amended brief allowed appellant a "do-over," as it contains allegations different from those asserted in the initial brief.  (Motion, 3.)  Therefore, despite the brief being stricken, appellee requests permission to "cite admissions" made by appellant in the June 20 brief. (Motion, 6.)

{¶ 8}   In our June 25 entry, we struck appellant's non-complying brief in its entirety and, as such, it will not be considered by this court.  We decline appellee's request to modify our entry and to permit appellee to use the stricken brief for any purpose. Accordingly, we deny appellee's motion to modify and turn our attention to appellant's asserted assignments of error.

### B.  First Assignment of Error

{¶ 9}   In her first assignment of error, appellant argues the trial court erred in failing to grant her leave to file her untimely answer.  After receiving appellee's motion for default judgment, appellant filed her answer with the court on February 20, 2013, which was 49 days beyond the January 2, 2013 deadline.[1]  Appellant, however, did not seek leave to file her untimely answer and, as a result, cannot now claim that the trial court erred in failing to grant her relief she did request.

{¶ 10} In her reply brief to this court, appellant contends her motion to deny appellee's request for default judgment should have been construed as a Civ.R. 6(B) motion for leave to file an untimely answer and that appellee treated it as such in the trial court.  The record refutes appellant's position.  A review of the motion reveals no request

---

[1] Though appellant's assignment of error states her answer was filed one day out of rule, we note that one day out of rule is when, according to appellant, she attempted to file her brief electronically.  According to the record before us, an answer was not filed until February 20, 2013.

to file an untimely answer, nor does the motion contain any reference to Civ.R. 6(B). Additionally, the record is devoid of any indication that the trial court did construe or should have construed this filing as a motion for leave to plead pursuant to Civ.R. 6. In our view, the motion appears more akin to a memorandum contra to appellant's motion for default judgment.

{¶ 11} Accordingly, we overrule appellant's first assignment of error. To the extent this assignment of error contains an argument that the trial court should have considered appellant's untimely answer and thereby denied the motion for default judgment, such argument will be addressed in our disposition of appellant's second assignment of error.

### C. Second Assignment of Error

{¶ 12} In her second assignment of error, appellant contends the trial court erred in granting appellee's motion for default judgment.

{¶ 13} A default judgment is entered against a defendant who has failed to timely plead in response to an affirmative pleading. Civ.R. 55. A default judgment is proper when a defendant has not contested a plaintiff's allegations by pleading in a timely manner or "otherwise defending" such that no issues are present in the case. *Black v. Oakes*, 10th Dist. No. 00AP-1133 (June 26, 2001), citing *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981). Civ.R. 55(A) provides that if a party against who default judgment is sought appears in an action, he shall be served with written notice of the judgment at least seven days prior to the hearing on such application. A trial court's decision to grant a motion for default judgment will not be reversed absent an abuse of discretion. *Black*, citing *Huffer v. Cicero*, 107 Ohio App.3d 65, 74 (4th Dist.1995).

{¶ 14} Appellant does not suggest noncompliance with the notice provisions set forth in Civ.R. 55(A). Rather, appellant's argument is based on the following: (1) the motion for default judgment should have been denied based on the filing of her untimely answer, and (2) this case required a hearing to affirmatively show that appellee was entitled to the relief requested in the complaint.

{¶ 15} Subsequent to the filing of appellee's motion for default judgment, appellant attempted to file an untimely answer without leave of court and without accompanying evidence of excusable neglect. In *Hillman v. Edwards*, 10th Dist. No. 08AP-1063, 2009-Ohio-5087, we held the trial court abused its discretion in allowing the defendant's

answer where defendant's answer was filed without leave, without evidence of excusable neglect, and was filed after plaintiff filed a motion for default judgment. *See also Miller v. Lint*, 62 Ohio St.2d 209 (1980) (allowing defendant to file an answer out of rule without moving for leave to file and showing excusable neglect under Civ.R. 6(B) is an abuse of discretion); *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10 (1997). Therefore, the trial court correctly refused to consider the untimely answer a basis to deny the motion for default judgment.

{¶ 16} Appellant also challenges the lack of a hearing on the "motion for injunctive relief." It is paramount to note that pending before the trial court was not a motion for injunctive relief but a motion seeking a default judgment in accordance with Civ.R. 55(A). Pursuant to said rule, a trial court has discretion to decide if a hearing is necessary. *Bank of New York Mellon v. Watkins*, 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 13, citing *Buckeye Supply Co. v. N.E. Drilling Co.*, 24 Ohio App.3d 134 (9th Dist.1985). Here, no party requested an oral hearing pursuant to Loc.R. 21.01. The trial court issued a notice of non-oral hearing on the motion for default judgment indicating that the non-oral hearing would come before the court on March 28, 2013. It is permissible for a trial court to set a motion for default judgment for a non-oral hearing when the defendant has made an appearance and no parties have requested a hearing pursuant to Civ.R. 55(A) and Loc.R. 21.01. *Watkins* at ¶ 13. Therefore, we conclude the trial court did not err when it did not hold an oral hearing on appellee's motion for default judgment.

{¶ 17} For the reasons stated, we find no abuse of discretion in the trial court's decision to grant appellee's motion for default judgment. Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 18} Having overruled both of appellant's assignments of error in their entirety, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Motion to modify denied;*
*judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____