[Cite as *Culler v. Marc Glassman, Inc.*, 2014-Ohio-5434.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101386**

**STEPHEN CULLER**

PLAINTIFF-APPELLANT

vs.

**MARC GLASSMAN, INC., ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-820765

**BEFORE:** Rocco, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**ATTORNEYS FOR APPELLANT**

Paul J. Kray
Timothy J. Murray
Paul J. Kray Attorney at Law, L.L.C.
111 Pearl Road
P.O. Box 839
Brunswick, Ohio   44212-0839

**ATTORNEYS FOR APPELLEES**

**For WMK, Inc.**
Robert S. Yallech
Reminger Co., L.P.A.
11 Federal Plaza Central
Suite 300
Youngstown, Ohio   44503

William T. O'Connell
11 Martiner Avenue
Suite 750
White Plains, NY   10606

**For EZ Lock, Inc.**
Steven K. Kelley
Law Offices of Steven K. Kelley
6480 Rockside Woods Blvd., S.
Suite 145
Independence, Ohio   44131

**For Marc Glassman, Inc.**
John C. Meros
Schulman, Schulman & Meros
55 Public Square
Suite 1055
Cleveland, Ohio   44113

KENNETH A. ROCCO, P.J.:

{¶1} In this case assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant Stephen Culler appeals from the trial court orders that dismissed his complaint against defendants-appellees WMK, Inc. and EZ Lock, Inc. This is one of those *lex dura sed lex* ("the law is hard, but it is the law") cases.

{¶2} Culler presents one assignment of error. He argues that the trial court did not apply its own electronic filing ("e-Filing") rules when it determined that his complaint against appellees was filed outside of the applicable statute of limitations.

{¶3} Upon a review of the record in conjunction with the trial court's e-Filing rules, this court disagrees. Consequently, Culler's assignment of error is overruled, and the trial court's orders are affirmed.

{¶4} Facts gleaned from the record on appeal in this case indicate the following: (1) Culler sustained personal injuries on January 9, 2012 when his wheelchair tipped over during his visit to a store operated by Marc Glassman, Inc.; (2) on February 11, 2013, Culler filed a personal injury action in the trial court against Marc Glassman, Inc.; and, (3) on December 6, 2013, Culler dismissed that case without prejudice.

{¶5} On January 24, 2014, Culler e-Filed the instant action, naming appellees as defendants as well as Marc Glassman, Inc. In his complaint, Culler alleged that, in addition to the negligence of Marc Glassman, Inc., appellees' negligence also proximately caused his injuries. Culler set forth in his complaint the date of the incident as "January 9, 2011."[1]

---

[1] Nowhere in either his original complaint or his subsequently amended complaint did Culler state that the instant action had previously been filed within the statute of limitations, then dismissed without prejudice.

**{¶6}** After Marc Glassman, Inc. filed its answer to Culler's complaint, appellees separately filed Civ.R. 12(B)(6) motions to dismiss the action against them. Appellees argued that, because Culler alleged his injury occurred on "January 9, 2011," but his complaint was e-Filed on January 24, 2014, Culler's claims were barred by R.C. 2305.10(A), the applicable statute of limitations.

**{¶7}** Culler responded to appellees' motions with, first, a motion for leave to file an amended complaint. Culler asserted that his original complaint contained a typographical error that set forth the date of his injuries as "January 9, 2011" when the actual date was January 9, 2012.[2]

**{¶8}** Culler additionally filed a brief in opposition to appellees' motions. Therein, he asserted that "the Complaint in this matter was electronically filed on January 9, 2014, the final day allowable by the statute of limitations in this matter." Culler acknowledged, however, that, on January 10, 2014, the Clerk of Courts had rejected the submission of his complaint.

**{¶9}** Culler nevertheless asserted that, upon receiving "notice" of the rejection by the Clerk of Courts, he resubmitted his complaint "within one business day." Thus, he asserted, his "corrective filing should be dated January 9, 2014."[3] Culler attached to his brief as "Ex. A" a copy of a document generated by the Clerk of Courts entitled "Filing Confirmation" that indicated that his case was a "Refiled Case" that had been "submitted" to the clerk on "1/9/2014."

---

[2]See fn. 1.

[3]Culler did not file a request with the trial court to exercise its discretion to "deem" his action recommenced as of January 9, 2014. This was the remedy available to him. See First Amended Temporary Administrative Order Section XII(B)(3), which states in pertinent part:

**{¶10}** On April 14, 2014, the trial court issued separate orders that granted each appellee's Civ.R. 12(B)(6) motion to dismiss Culler's complaint with prejudice. In spite of the trial court's ultimate decision to deem the date of Culler's injury to have occurred on January 9, 2012,[4] the trial court's journal entries of dismissal state, in pertinent part, that, because Culler's "re-filed complaint was filed on January 24, 2014," his complaint against appellees was filed "after the expiration of the statute of limitations." Culler, therefore, failed to state a cognizable claim against appellees.

**{¶11}** After the trial court added Civ.R. 54(B) language to the orders of dismissal, Culler filed a motion in the trial court requesting the court to "reconsider" its orders of dismissal. He attached to this motion his attorney's affidavit. Therein, Culler's attorney averred that "while checking the status of the docket" of the case "on January 24, 2014," he "realized" that the complaint "had been rejected" by the Clerk for lack of a signature, but that he had "never received notice from the Clerk" of that rejection.

**{¶12}** Because the orders had become final with the inclusion of the Civ.R. 54(B) certification, the trial court did not issue a decision on the foregoing motion. Culler thereafter filed a timely appeal from the trial court's orders of dismissal.

---

(3) If a document submitted electronically for filing is not filed with the Court because of an error in the transmission of the document to the e-Filing System, whether that error originates with the e-Filing System or at the filer's end, the Court may, upon satisfactory proof, enter an order permitting the document to be deemed filed as of the date it was electronically submitted.

[4]The trial court granted Culler's motion to amend his complaint to reflect the actual date of the incident; his claim against Marc Glassman, Inc. apparently remains pending.

**{¶13}** Culler presents a single assignment of error, arguing that the trial court did not apply its own rules on electronic filing when it dismissed pursuant to Civ.R. 12(B)(6) his "corrected" complaint on statute of limitations grounds.[5] Because Culler's assignment of error has no merit, it is overruled.

**{¶14}** The Ohio Supreme Court has held that "a Civ.R. 12(B)(6) motion will lie to raise the bar of the statute of limitations when the complaint shows on its face the bar of the statute." *Mills v. Whitehouse*, 40 Ohio St.2d 55, 58, 320 N.E.2d 668 (1974).

**{¶15}** Contrary to Culler's assertion in his appellate brief that "the Cuyahoga County Common Pleas Court presented the Local Rule on electronic filing of the Eighth District Court of Appeals as its own," the trial court's website instead indicates that the Court's "Rules for e-Filing" are set forth in the court's First Amended Temporary Administrative Order (the "TAO"), filed on October 4, 2013. In pertinent part, the TAO provides:

> **I. Application of the First Amended Temporary Administrative Order**
>
> **A.** * * *
>
> Consistent with Ohio Sup.R. 27, Ohio Civ.R. 5(E), Ohio Civ.R. 11 * * * the Court and the Clerk hereby adopt the following First Amended Temporary Administrative Order *governing electronic filing ("e-Filing").*
>
> * * *
>
> **II. Definition of Terms**
>
> The following terms in this Order shall be defined as follows:

---

[5]Culler's assignment of error states: "The Trial Court erred in not applying its presented rules on electronic filing of documents to Plaintiff-Appellant's corrective electronic filing when it dismissed the Complaint against Defendant-Appellees for not being timely filed."

\* \* \*

**C. Clerk Review:** A review of electronically filed documents by the Clerk of Courts in accordance with court rules, policies, procedures and practice. *The Clerk shall review the data and documents electronically submitted to ensure compliance with court rules, policies, procedures and practices before officially receiving the documents for filing and creating a docket entry.*

\* \* \*

**I. Electronic Filing (e-Filing):** The electronic transmission, *acceptance*, and processing of a filing. \* \* \*

\* \* \*

**XI. Filing Date and Time of Electronically Filed Documents**

**A.** Documents may be submitted to the Clerk for e-Filing 24 hours a day, seven days a week. \* \* \*

**B.** The e-Filing System is hereby appointed the agent of the Clerk for purposes of electronic filing, receipt, service and retrieval of electronic documents.

(1) Upon receipt of an electronic document submitted for filing, the e-Filing System shall issue the e-Filer a confirmation that the *submission* has been received. The confirmation notice shall include the date and time of receipt and shall serve as proof of receipt of the *submission*. The confirmation notice shall also inform the e-Filer that, *if* the document is *accepted* for filing, the date and time reflected in the confirmation notice shall serve as the date and time of filing \* \* \*.

(2) An e-Filer will receive *subsequent* notification from the Clerk indicating that *the submission has been accepted or rejected by the Clerk's office for docketing and filing* into the Court's Case Management System.

(3) *If* a document submitted for e-Filing has been *accepted by the Clerk after Clerk review, the document will receive an electronic stamp.* The stamp will include the date and time that the filer transmitted the document to the e-Filing System (i.e., date and time of receipt outlined in section 1 above). * * * *[T]he date and time reflected on the electronic stamp shall become the filing date and time for that document.*

(4) *In the event the Clerk rejects a submitted document following Clerk review, the document shall not become part of the official Court record and the e-Filer will be required to re-file the document to meet necessary filing requirements.*

* * *

**XII.   System or User Filing Errors**

**A. User Filing Errors**

(1) A filer cannot make changes to any document once it has been submitted *and accepted* for filing.

* * *

(3) * * * [W]here the error consists of *something other than a wrong case number or corrupt file, the filer should, as soon as possible after the error is discovered, contact the Clerk's office* and provide the case number and document number for which a correction is being requested. The Clerk *may* then *delete the document* from the e-Filing System. *The Clerk shall immediately notify the filer of the error and the need to re-submit, if appropriate. The Clerk will not delete the relevant document text*, but annotate the docket with a Notice of Correction to *show the deletion, the reason for the deletion, and that the filer has been notified.* If appropriate, the Clerk will make an entry indicating that the document was filed in error.

(4) Once a document has been *accepted* for e-Filing by the Clerk, *only a Judge can strike the document* in the event it has been filed in error.

### B. Technical Failures

* * *

(3) If a document submitted electronically for filing is not filed with the Court because of *an error in the transmission* of the document to the e-Filing System, whether that error originates with the e-Filing System or at the filer's end, the Court may, upon satisfactory proof, enter an order permitting the document to be deemed filed as of the date it was electronically submitted. The Court may specify by local rule, or otherwise, a procedure for seeking relief under this provision. *Counsel and parties should not assume that such relief is available on jurisdictional time limits (such as statutes of limitation or deadlines for appeal).*

(Emphasis added.)

**{¶16}** Clearly, the TAO makes a distinction between a party's "submission" of a document and the Clerk's "acceptance" of that document. It is a simple matter for the party to review the document on the Clerk's website after it has been submitted to the Clerk. Had Culler done so, he would have noticed that his document lacked a signature.

**{¶17}** The TAO places the general responsibility for accurate e-Filing upon the party. This is in accord with Civ.R. 3(A) and 5(E). It has long been the admonition that, "[r]egardless of appellant's beliefs regarding * * * notice, a party, whether acting pro se or represented by counsel, has a 'general duty to check the docket and * * * keep himself current regarding the status of the case.'" *Holschuh v. Newcome*, 11th Dist. Trumbull No. 2010-T-0129, 2011-Ohio-6205, ¶ 20, quoting *Thomas v. Target Stores*, 11th Dist. Geauga No. 2009-G-2906, 2010-Ohio-1158, at ¶ 21. *See also Landspan Corp. v. Curtis*, 8th Dist. Cuyahoga No. 91664,

2008-Ohio-6292, ¶ 14. As this court observed in *Hershbain v. Cleveland*, 8th Dist. Cuyahoga

Nos. 60631 and 61121, 1992 Ohio App. LEXIS 2796 (June 4, 1992):

> * * * "no provision in Ohio law or rule of civil or appellate procedure requires that a party be given *actual* notice of the filing of a judgment entry." *American Corp. v. Misenko* (1984), 10 Ohio St. 3d 132. (Emphasis added.) * * * Moreover, the validity of a judgment is not affected by a party's failure to receive such notice. [*Atkinson v. Grumman Ohio Corporation* (1988), 37 Ohio St.3d 80, syllabus 2(c).]

{¶18} At any event, if, as his attorney averred in his motion requesting the trial court to "reconsider" its dismissal, Culler transmitted his complaint to the Clerk on January 9, 2014, without a signature, the document required an addition. In context, the portion of the TAO that requires the Clerk to give "immediate" notice to a party deals only with deletions from a document, not additions to it.

{¶19} Because the TAO contains a specific warning to parties that they "should not assume that * * * relief is available on jurisdictional time limits" when the Clerk does not accept an e-Filed submission, and because the face of Culler's complaint demonstrated it was time-barred, the trial court committed no error in granting appellees' Civ.R. 12(B)(6) motions to dismiss the complaint. *Nationwide Mut. Ins. Co. v. Asserud*, 10th Dist. Franklin No. 13AP-359, 2014-Ohio-517, fn. 1; *Kennedy v. Heckard*, 8th Dist. Cuyahoga No. 80234, 2002-Ohio-6805. Culler's assignment of error, accordingly, is overruled.

{¶20} The trial court's orders are affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR