[Cite as *Messer v. Schneider Natl. Carriers*, 2016-Ohio-7050.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103913

---

## TIMOTHY MESSER

### PLAINTIFF-APPELLANT

vs.

## SCHNEIDER NATIONAL CARRIERS

### DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848682

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 29, 2016

**ATTORNEY FOR APPELLANT**

Wesley Alton Johnston
P.O. Box 6041
Youngstown, Ohio 44501


**ATTORNEYS FOR APPELLEE**

Steven E. Seasly
Hahn, Loeser & Parks, L.L.P.
200 Public Square, Suite 2800
Cleveland, Ohio 44114

Peter A. Milianti
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601

EILEEN T. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant, Timothy Messer ("Messer"), appeals from the trial court's order dismissing his complaint against defendant-appellee, Schneider National Carriers, Inc. ("Schneider"). Messer raises one assignment of error for our review:

> 1. A trial court improperly granted the summary judgment motion[1] filed in this case because the Court abused its discretion because the Court allowed the Clerk's office to dismiss a properly filed complaint based on the accompanying affidavit of indigency being not notarized, which represents an instruction into the practice of law by the Clerk's office, a violation of Due Process and a violation of the Court's own First Amended Temporary Administrative Order, filed October 4, 2013.

**{¶2}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

**{¶3}** On July 22, 2009, Messer was discharged from his employment with Schneider following a failed drug test. On July 17, 2011, Messer filed a complaint against Schneider in Cuyahoga C.P. No. CV-11-759939. The complaint alleged causes of action for breach of implied contract, intentional infliction of emotional distress, promissory estoppel, age discrimination, and invasion of privacy.

---

[1] Messer's sole assignment of error inaccurately refers to the trial court's "improper grant of the summary judgment motion." The record, however, reflects that the trial court granted Schneider's motion to dismiss pursuant to Civ.R. 12(B)(6).

**{¶4}** On November 8, 2012, Messer voluntarily dismissed his complaint pursuant to Civ.R. 41(A). On July 23, 2015, Messer refiled his complaint in Cuyahoga C.P. No. CV-15-848682, raising the same causes of action alleged in his original complaint.

**{¶5}** On September 24, 2015, Schneider filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that the claims raised in Messer's July 23, 2015 complaint are barred by the relevant statute of limitation periods.

**{¶6}** On October 17, 2015, Messer filed a motion to deem his complaint filed on July 22, 2015. In addition, Messer filed a brief in opposition, arguing that his promissory estoppel and breach of implied contract claims are subject to an eight-year statute of limitations and, therefore, were timely filed.[2] Messer further argued that the Cuyahoga County Clerk of Courts acted outside the scope of its authority and improperly rejected his attempt to electronically file his complaint on July 22, 2015.

**{¶7}** On November 17, 2015, the trial court denied Messer's motion to deem his complaint filed on July 22, 2015, and granted Schneider's motion to dismiss, stating, in pertinent part:

> The Ohio Savings Statute, R.C. 2305.19, and the statute of limitations for each of Messer's claims expired prior to the refiling of the complaint on July 23, 2015.

**{¶8}** Messer now appeals from the trial court's judgment.

## II. Law and Analysis

---

[2] Messer did not dispute that his claims for intentional infliction of emotional distress, age discrimination, and invasion of privacy are time-barred.

**{¶9}** In his sole assignment of error, Messer argues the trial court erred in granting Schneider's motion to dismiss pursuant to Civ.R. 12(B)(6).

**{¶10}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. To prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court granting relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶11}** The statute of limitations is an affirmative defense and is generally not properly raised in a Civ.R. 12(B)(6) motion to dismiss. *PNC Bank, N.A. v. J & J Slyman, L.L.C.*, 8th Dist. Cuyahoga No. 101777, 2015-Ohio-2951, ¶ 13, citing *Lisboa v. Tramer*, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶ 13. However, the Ohio Supreme Court has held that a court may dismiss a complaint pursuant to Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations where the complaint, on its face, conclusively indicates that the action is time barred. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11; *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 58, 320 N.E.2d 668 (1974).

{¶12} In challenging the trial court's judgment, Messer argues his promissory estoppel and breach of implied contract claims are subject to an eight-year statute of limitations and, therefore, were timely filed. We disagree. Contrary to Messer's position, this court has held that causes of action for breach of implied contract and promissory estoppel are subject to a six-year statute of limitations period pursuant to R.C. 2305.07. *See Cully v. St. Augustine Manor*, 8th Dist. Cuyahoga No. 67601, 1995 Ohio App. LEXIS 1643, * 10 (Apr. 20, 1995). Thus, Messer had until July 22, 2015, to timely file a claim for breach of implied contract or promissory estoppel.

{¶13} Applying the foregoing to the circumstances of this case, we find the complaint conclusively demonstrates, on its face, that Messer's action was filed one day beyond the applicable statute of limitations period. Accordingly, the trial court did not err in granting Schneider's motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶14} Alternatively, Messer argues the trial court erred in failing to deem his complaint filed on July 22, 2015, the last day of the applicable statute of limitations period. Here, Messer claims he timely filed his complaint electronically on July 22, 2015, but that the clerk of courts improperly rejected the complaint for filing because Messer's accompanying poverty affidavit was not notarized. Messer argues the clerk of courts acted outside the scope of its authority by rejecting his complaint for filing and that "the only remedy is to deem the complaint admitted on July 22, 2015, which is when it was filed electronically."

**{¶15}** Without addressing the clerk of court's authority to reject Messer's electronic filing, we find Messer has failed to present sufficient evidence to suggest he electronically filed his complaint prior to July 23, 2015. In his appellate brief, Messer has attached copies of two emails he received from the clerk of courts. The first email, dated July 23, 2015, at 8:36 a.m., states that Messer's "e-Filing" was rejected by the clerk of courts based on Messer's failure to sufficiently complete and notarize his poverty affidavit. The second email, dated July 23, 2015, at 11:01 a.m., reflects that Messer's "electronic new case filing" was accepted by the clerk of courts. Relying on the foregoing emails, Messer argues it is "clear" he filed his complaint electronically on July 22, 2015, because the time stamp on the rejection email reflects that it was sent in the "early morning" on July 23, 2015.

**{¶16}** We disagree with Messer's position. Notably, the attached emails make no reference to July 22, 2015, nor do they otherwise indicate when Messer attempted to electronically file his complaint. Thus, Messer asks this court to speculate that the filing was made on July 22, 2015, merely because he received the rejection email at 8:36 a.m. on July 23, 2015. Messer's argument, however, fails to account for the 24 hours a day, seven days a week availability of the clerk of court's for e-Filing. Moreover, had Messer filed his complaint on July 22, 2015, as he claims, the clerk of courts would have provided him with a confirmation that his submission was received pursuant to the trial court's "Rules for e-Filing," as set forth in the court's First Amended Temporary

Administrative Order, Section XI.(B)(1).[3]  Messer, however, has not attached evidence of a July 22, 2015 confirmation notice as referenced in Section XI.(B)(1).  Because Messer's allegations are unsupported by the record, we find the trial court did not err in determining that Messer's complaint should not be deemed filed on July 22, 2015.

### III.  Conclusion

**{¶17}** The trial court did not err in dismissing Messer's complaint pursuant to Civ.R. 12(B)(6), where his complaint, on its face, conclusively indicated that the action is time barred.

**{¶18}** Messer's sole assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[3]  Section XI.(B)(1) states, in pertinent part:
Upon receipt of an electronic document submitted for filing, the e-Filing System shall issue the e-Filer a confirmation that the submission has been received.  The confirmation notice shall include the date and time of receipt and shall serve as proof of receipt of the submission.  The confirmation notice shall also inform the e-Filer that, if the document is accepted for filing, the date and time reflected in the confirmation notice shall serve as the date and time of filing.

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR