[Cite as *Rutti v. Dobeck*, 2017-Ohio-8737.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105634

---

# SCOTT A. RUTTI

### PLAINTIFF-APPELLANT

vs.

# JOSEPH C. DOBECK

### DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-871412

**BEFORE:**   McCormack, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   November 30, 2017

**ATTORNEY FOR APPELLANT**

Jeffrey H. Black
Murray & Black Ltd., L.P.A.
38109 Euclid Ave.
Willoughby, OH 44094


**ATTORNEY FOR APPELLEE**

Joseph K. Oldham
Oldham Company L.L.C.
759 West Market Street
Akron, OH 44303

TIM McCORMACK, J.:

{¶1} Plaintiff-appellant Scott A. Rutti appeals from the trial court's dismissal of his complaint against defendant-appellee Joseph C. Dobeck. For the reasons that follow, we affirm.

## Procedural History and Substantive Facts

{¶2} On November 4, 2016, Rutti filed a complaint in negligence against defendant-appellee Dobeck, alleging he suffered injuries from an automobile accident on or about August 18, 2014, as a result of Dobeck's actions. Rutti's complaint also included a claim for punitive damages.

{¶3} On February 27, 2017, Dobeck filed a motion to dismiss pursuant to Civ.R. 12(B)(6), claiming that Rutti failed to comply with the applicable statute of limitations. The motion was unopposed. On March 8, 2017, the trial court granted Dobeck's motion to dismiss, stating that "Defendant's motion to dismiss * * * is unopposed and granted. Plaintiff's complaint is barred by the applicable statute of limitations. Accordingly, pursuant to Civ.R. 12(B)(6), Plaintiff's complaint is dismissed. Final." Thereafter, Rutti filed a motion for reconsideration, which the trial court denied, stating that Rutti's remedy is to file an appeal.

{¶4} Rutti now appeals, assigning two errors for our review.

Law and Analysis

**{¶5}** In his first assignment of error, Rutti contends that the trial court erred in granting Dobeck's motion to dismiss for failure to state a claim upon which relief can be granted. Specifically, Rutti argues that Dobeck's motion to dismiss was not the proper vehicle to raise a statute of limitations defense, stating that his complaint raises issues of law and fact as to whether the complaint is truly time barred under the statute of limitations. Rutti also argues, in his second assignment of error, that he was not aware of how his originally filed complaint became corrupted and thus rejected, and he was not afforded a review procedure for such technical failures pursuant to the court's own temporary administrative order. We address the assigned errors together.

**{¶6}** This court reviews an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44.

**{¶7}** A motion to dismiss pursuant to Civ.R. 12(B)(6), the failure to state a claim, tests the sufficiency of the complaint. *Assn. for Defense of Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 537 N.E.2d 1292 (1989). In deciding the Civ.R. 12(B)(6) motion to dismiss, the trial court's review is limited to the four corners of the complaint, along with any documents properly attached to, or incorporated within, the complaint. *Windsor Realty & Mgt., Inc. v. N.E. Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶ 23 (8th Dist.), citing *High St. Props. L.L.C. v. Cleveland*, 8th Dist. Cuyahoga No. 101585, 2015-Ohio-1451, ¶ 17. The trial court

presumes all factual allegations contained in the complaint to be true and makes all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995). In order for the trial court to grant a motion to dismiss for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the asserted claim that would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶8} The statute of limitations is an affirmative defense and is generally not properly raised in a motion to dismiss under Civ.R. 12(B)(6). *Messer v. Schneider Natl. Carriers*, 8th Dist. Cuyahoga No. 103913, 2016-Ohio-7050, ¶ 11, citing *PNC Bank, N.A. v. J & J Slyman, L.L.C.*, 8th Dist. Cuyahoga No. 101777, 2015-Ohio-2951, ¶ 13. The Ohio Supreme Court has held, however, that a court may dismiss a complaint pursuant to Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations where the complaint, on its face, conclusively indicates that the action is time barred. *Messer*, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11; *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 58, 320 N.E.2d 668 (1974).

{¶9} Rutti contends that the trial court improperly granted Dobeck's Civ.R. 12(B)(6) motion because the complaint presents a question of fact as to whether the complaint is time barred. In support, he refers to the facts surrounding the purported August 2016 filing of the complaint, which were alleged in his complaint:

> This complaint was originally timely filed via the Cuyahoga County E-filing service on August 13, 2016. However, upon review it appears the complaint was "rejected" by the system as being "corrupted." The rejection occurred on August 15, 2016. Plaintiff's counsel asserts he was not notified of the rejected complaint and only upon his own file review discovered the complaint had not been accepted as filed. Hence Plaintiff maintains the statute of limitations has been met.

Plaintiff-appellant's complaint, ¶ 4.

**{¶10}** Rutti asserts that based upon these facts as alleged in his complaint, the statute of limitations has been met, and at the very least, there is a question of fact regarding the timeliness of the complaint. We disagree. Although we presume the factual allegations contained in Rutti's complaint are true and Rutti did, in fact, timely submit a complaint that was rejected by the electronic filing system, we cannot accept his legal conclusion drawn from these facts — that such facts establish the complaint was timely filed.

**{¶11}** The Cuyahoga County Court of Common Pleas First Amended Temporary Administrative Order (the "TAO"), filed on October 4, 2013, governs the court's electronic filing system ("e-Filing"). The TAO provides that the clerk's office "shall review the data and documents electronically submitted to ensure compliance with court rules, policies, procedures and practices before officially receiving the documents for filing and creating a docket entry." TAO, II(C), Clerk Review.

**{¶12}** The section entitled "Filing Date and Time of Electronically Filed Documents" sets forth the process by which an e-Filing is either accepted or rejected:

(1)    Upon receipt of an electronic document submitted for filing, the e-Filing System shall issue the e-Filer a confirmation that the

submission has been received. The confirmation notice shall include the date and time of receipt and shall serve as proof of receipt of the submission. The confirmation notice shall also inform the e-Filer that, if the document is accepted for filing, the date and time reflected in the confirmation notice shall serve as the date and time of filing * * *.

(2)    An e-Filer will receive subsequent notification from the Clerk indicating that the submission has been accepted or rejected by the Clerk's office for docketing and filing into the Court's Case Management System.

(3)    If a document submitted for e-Filing has been accepted by the Clerk after Clerk review, the document will receive an electronic stamp. The stamp will include the date and time that the filer transmitted the document to the e-Filing System (i.e., date and time of receipt outlined in section 1 above). * * * [T]he date and time reflected on the electronic stamp shall become the filing date and time for that document.

(4)    In the event the Clerk rejects a submitted document following Clerk review, the document shall not become part of the official Court record and the e-Filer will be required to re-file the document to meet necessary filing requirements.

TAO, XI(B),Filing Date and Time of Electronically Filed Documents.

{¶13} In a section governing errors in submission, the administrative order addresses "user filing errors" and "technical failures":

A. User Filing Errors

(1)    A filer cannot make changes to any document once it has been submitted and accepted for filing.

(2)    A document that is incorrectly submitted for e-Filing (e.g., as a result of entering a wrong case number, selecting an incorrect document type, attaching an incorrect PDF file to a submission for e-Filing, or

where the electronic file is corrupt or unreadable), may be deleted from the e-Filing System as long as the document has not been accepted for filing by the Clerk's office.

(3) In the event of an incorrect case number or an electronic file that is corrupt or unreadable, the Clerk will reject the submission and notify the filer of the error and the need to re-submit. * * *

(4) Once a document has been accepted for e-Filing by the Clerk, only a Judge can strike the document in the event it has been filed in error.

B. Technical Failures

* * *

(3) If a document submitted electronically for filing is not filed with the Court because of an error in the transmission of the document to the e-Filing System, whether that error originates with the e-Filing System or at the filer's end, the Court may, upon satisfactory proof, enter an order permitting the document to be deemed filed as of the date it was electronically submitted. The Court may specify by local rule, or otherwise, a procedure for seeking relief under this provision. Counsel and parties should not assume that such relief is available on jurisdictional time limits (such as statutes of limitation or deadlines for appeal).

TAO, XII(A) and (B), System or User Filing Errors.

**{¶14}** This court has previously affirmed the trial court's dismissal of a plaintiff's complaint on Civ.R. 12(B)(6) grounds where the plaintiff's e-Filing was "rejected." *See Messer*, 8th Dist. Cuyahoga No. 103913, 2016-Ohio-7050 (Civ.R. 12(B)(6) dismissal

proper where the court rejected the plaintiff's e-Filing due to the failure to notarize a poverty affidavit); *Culler v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 101386, 2014-Ohio-5434, ¶ 17 (Civ.R. 12(B)(6) dismissal proper where the court rejected the plaintiff's electronically filed complaint because it was not timely filed).

**{¶15}** In *Culler*, where the plaintiff's complaint was dismissed as being untimely filed through the e-Filing system, we found that the court's administrative order made a clear distinction between a party's submission of a document and the clerk's acceptance of that document. *Id*. at ¶ 16. And in accordance with Civ.R. 3(A) and 5(E), counsel bears the burden of ensuring that his or her electronically filed document was properly filed and accepted by the clerk of courts, regardless of any notice he or she may have received from the court. *Id*. at ¶ 17; *see also Holschuh v. Newcome*, 11th Dist. Trumbull No. 2010-T-0129, 2011-Ohio-6205, ¶ 20.

**{¶16}** Here, Rutti alleges in his complaint that he timely submitted his complaint for e-Filing on August 13, 2016, but two days later, the complaint was rejected as being "corrupted." Based upon the trial court's administrative order, and our decision in Culler, a document that has been rejected as being corrupted is not deemed accepted for filing. Although Rutti claims that he did not receive notice from the court of this rejection and his need to resubmit the complaint, this alleged lack of notice does not relieve him of the fundamental duty to keep abreast of the docket and the status of the e-filed case. And although it is not clear when Rutti discovered the rejection, the docket

demonstrates that the complaint was not filed until November 4, 2016, well beyond the two-year statute of limitations for a negligence action.

**{¶17}** Rutti contends that he was not afforded a "review procedure" in accordance with the "Technical Failures" section of the court's TAO, which provides that in the event "a document submitted electronically for filing is not filed with the Court because of an error in the transmission of the document to the e-Filing System, * * * the Court may, upon satisfactory proof, enter an order permitting the document to be deemed filed as of the date it was electronically submitted." This permissive language, however, is followed by a warning to counsel and parties that they "should not assume that such relief is available on jurisdictional time limits (such as statutes of limitation or deadlines for appeal)." It is "a simple matter" for the party to review a document on the clerk's website after it has been submitted to ensure it has been accepted for filing, and the burden is clearly on the e-filer. *Culler,* 8th Dist. Cuyahoga No. 101386, 2014-Ohio-5434, at ¶ 16.

**{¶18}** In light of the foregoing, we find that the complaint conclusively demonstrates, on its face, that Rutti's complaint was filed more than two months beyond the applicable statute of limitations period. Therefore, the trial court did not err in granting Dobeck's Civ.R. 12(B)(6) motion to dismiss.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR