[Cite as *Jones v. Univ. Hosps. of Cleveland*, 2018-Ohio-4704.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 106836

---

**ISABELLA D. JONES**

PLAINTIFF -APPELLANT

vs.

**UNIVERSITY HOSPITALS
OF CLEVELAND, ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART;
REVERSED AND REMANDED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-881096

**BEFORE:** Keough, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**ATTORNEY FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio 44113

Philip G. Haddad
6 Canyon Road, Suite 200
Morgantown, West Virginia 26508


**ATTORNEYS FOR APPELLEES**

Seamus J. McMahon
3605 Warrensville Center Road
Shaker Heights, Ohio 44122

William H. Falin
John M. Moscarino
Moscarino & Treu, L.L.P.
1422 Euclid Avenue, Suite 630
Cleveland, Ohio 44115


KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Isabella D. Jones ("Jones"), appeals from the trial court's judgment granting the motion for summary judgment of defendants-appellees, University Hospitals Cleveland Medical Center ("UHCMC"), University Hospitals Health System, Inc. ("UHHS"), and Mark Scher, M.D. For the reasons that follow, we affirm in part and reverse and remand in part.

## I. Background and Procedural History

{¶2} On April 22, 2016, counsel for Jones delivered 180-day letters to University Hospitals Physician Services, Inc. ("UHMP") and Dr. Scher, advising them that Jones was considering a medical claim against them and extending the statute of limitations 180 days

pursuant to R.C. 2305.113(B). No other 180-day letters were delivered to any other University Hospitals entity or physician.

{¶3} Before the expiration of the extended deadline for filing the medical claim, Jones entered into a covenant not to sue and tolling agreement with UHCMC, UHHS, University Hospitals Medical Group, Inc. ("UHMG"), and Dr. Scher. The agreement was executed on October 13, 2016, and extended the statute of limitations for claims where "all applicable statutes of limitations have not yet run" to December 31, 2016. Two subsequent agreed extensions extended the statute of limitations for claims not already barred by the statute of limitations to April 1, 2017.

{¶4} The parties were unable to reach a settlement agreement, and on March 29, 2017, counsel mailed a copy of a complaint against UHHS and Dr. Scher to the Cuyahoga County Clerk of Courts office via Federal Express. The complaint was delivered to the Clerk's office at 9:32 a.m. on March 30, 2017.

{¶5} On May 31, 2017, a representative from the Clerk's office emailed Jones's counsel a redacted copy of the Clerk's "not filed" log, showing that Jones's complaint was received on March 30, 2017, but returned on March 31, 2017, because it "was not properly formatted and did not comply with the local [court] rules."[1] Jones's counsel was never notified that the complaint was not filed.

---

[1] Both parties agree that the only deficiency with the complaint was that it did not contain the addresses of the parties in the caption of the complaint, as required by Loc.R. 8(A) of the Court of Common Pleas of Cuyahoga County, General Division. Loc.R. 8(A), regarding pleadings and motions, states in pertinent part that "[t]he caption in every complaint shall state the name and address, if known, of each party."

{¶6} On May 31, 2017, Jones electronically filed her complaint against UHCMC, UHHS, and Dr. Scher, alleging that they provided negligent medical care from November 3, 2011 until June 11, 2014. Jones's date of birth is April 26, 1999.

{¶7} Appellees subsequently filed a motion for summary judgment in which they asserted that Jones's complaint was barred by the statute of limitations. Specifically, appellees argued that because Jones was a minor when the alleged negligent conduct occurred, the statute of limitations was tolled until her eighteenth birthday, and thus, to be timely, she had to file her complaint by her nineteenth birthday on April 26, 2016. Appellees conceded that Jones's 180-day letter extended the statute of limitations against UHMP and Dr. Scher. Appellees further recognized that Jones had entered into a tolling agreement and extensions with UHCMC, UHHS, UHMG, and Dr. Scher, but argued that those agreements applied only to claims that were not already barred by the statute of limitations, and because no 180-day letters were ever served on UHHS and UHCMC, Jones's claims against those entities were untimely upon filing because they had to be filed by her nineteenth birthday.

{¶8} Appellees argued that Jones's claims against Dr. Scher were likewise time-barred because they were filed almost two months beyond the agreed-upon April 1, 2017, statute of limitations deadline.

{¶9} Jones opposed the motion. In her brief in opposition, Jones argued that she had properly extended the statute of limitations against all defendants. Further, although she conceded that the initial complaint rejected by the Clerk's office did not contain the parties' addresses in the caption of the complaint, as required by Loc.R. 8(A) of the Court of Common Pleas of Cuyahoga County, General Division, she argued that the clerk should have accepted the complaint because the error was a minor, technical violation of the rules that was committed in

good faith and did not prejudice appellees, and that dismissal of her complaint was a sanction disproportionate to the violation. She argued further that the clerk did not have authority to reject the complaint merely because it did not contain the parties' addresses in the caption.

{¶10} After a hearing, the trial court granted appellees' motion, finding that appellees were entitled to judgment because the complaint was filed beyond the statute of limitations. This appeal followed.

## II. Law and Analysis

{¶11} In her single assignment of error, Jones contends that the trial court erred in granting appellees' motion for summary judgment.

### A. Standard of Review

{¶12} We review a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 210 (1998).

{¶13} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Id.* After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty

to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact. *Id*.

**B.      Jones's Claims Against UHHS and UHCMC**

**{¶14}**    R.C. 2305.113(A) provides that an action upon a medical claim shall be commenced within one year after the cause of action accrued.   However, if a claimant is within the age of minority when the cause of action accrues, that person may bring her claim within one year after reaching the age of majority.   R.C. 2305.16.   Additionally, under R.C. 2305.113(B), a claimant may extend the time for commencing the action by 180 days by giving notice to the subject of the claim:

> If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

**{¶15}** The medical care at issue in this case occurred between November 3, 2011 until June 11, 2014.   Because Jones was a minor at that time, the statute of limitations was tolled until her eighteenth birthday and thus, to be timely, her complaint needed to be filed by her nineteenth birthday on April 26, 2016.   On April 22, 2016, four days prior to the expiration of the statute of limitations, Jones's former counsel sent 180-day letters to Dr. Scher and UHMP.   Accordingly, Jones extended the deadline for filing her claim against those potential defendants to October 19, 2016.   No 180-day letters were received by any other University Hospitals-related entity, including UHHS and UHCMC.

**{¶16}** On October 16, 2016, Jones entered into a covenant not to sue and tolling agreement with UHCMC, UHHS, UHMG, and Dr. Scher.   The agreement extended the statute of limitations deadline to December 31, 2016, but specifically stated that it applied to "all

applicable statutes of limitations which have not yet run." Two subsequent agreed extensions extended the statute of limitations until April 1, 2017.

{¶17} Jones's complaint was electronically filed on May 31, 2017, and alleged medical malpractice against UHHS and UHCMC, as well as Dr. Scher. However, Jones's claims against UHHS and UHCMC were time-barred as of that date. Because Jones never sent a 180-day letter to UHHS and UHCMC, her claims against those entities had to be filed by her nineteenth birthday on April 26, 2016. Thus, the tolling agreements could not extend the statute of limitations against either UHHS or UHCMC because Jones's claim were already time-barred when the first agreement was signed on October 16, 2016, and the agreements only extended statutes of limitations that had not already run.[2] Accordingly, the trial court properly granted summary judgment in favor of UHHS and UHCMC on Jones's claims against them.

## C.      Jones's Claims Against Dr. Scher

{¶18} Jones argues that her complaint was timely filed on March 30, 2017, because the clerk of courts did not have authority to refuse to file her complaint merely because it did not contain the addresses of the parties in the caption. She argues that the clerk is authorized to reject manual filings of a complaint only when, as authorized by Loc.R. 8(B) of the Court of Common Pleas of Cuyahoga County, General Division, the filing does not contain a case designation sheet.

{¶19} Initially, we reject appellees' contention that Jones forfeited any argument regarding the clerk's authority to reject her complaint by failing to raise the issue in the trial court. Jones clearly brought the issue to the trial court's attention. Her brief in opposition to

---

[2]Appellees raised this issue with the trial court in their motion for summary judgment. Although Jones argued in her brief in opposition to appellees' motion that she properly extended the statute of limitations as to all defendants, she does not raise this argument on appeal and thus has apparently abandoned it.

appellees' motion for summary judgment referenced Loc.R. (8) of the Court of Common Pleas of Cuyahoga County, General Division, and stated:

> Defendants' argument that Plaintiff's claims are time-barred is inherently flawed because it relies entirely on cases where there were violations of local rules expressly stating that complaints were not [to] be accepted if the rules were not complied with. * * * In this case, Plaintiff's mistake did not violate any provision of the Local Rules requiring the Clerk to reject the Complaint. The Rule states only that, "The caption in every complaint shall state the name and address, if known, of each party," while later stating that the Clerk is "authorized to refuse to accept for filing any case that does not contain a Case Designation Form." Respectfully, the Clerk should have accepted the Complaint for filing, and the Complaint should now be deemed to have been timely filed.

Accordingly, Jones preserved the issue for appellate review.

{¶20} With respect to the merits of Jones's argument, we note that the General Assembly has vested in a clerk of court various statutory powers and duties, and has expressly provided that "the clerk of the court of common pleas shall exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law; and in the performance of his duties he shall be under the direction of his court." R.C. 2303.26.

{¶21} Indeed, the Ohio Supreme Court has observed that "[the clerk of court] is vested with no discretion in any respect," *McKean v. Graves*, 91 Ohio St. 23, 24, 109 N.E.528 (1914), and that "[t]he power to make any decision as to the propriety of any paper submitted or as to the right of a person to file such paper is vested in the court, not the clerk." *State ex rel. Office of the Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 334, 2006-Ohio-1065, 843 N.E.2d 778, ¶ 12, quoting *State ex rel. Wanamaker v. Miller*, 164 Ohio St. 176, 177, 128 N.E.2d 110 (1955). Thus, the Ohio Supreme Court has observed that "[i]t is the duty of the clerk of this court, in the absence of instructions from the court to the contrary, to accept for filing any paper presented to him, provided such paper is not scurrilous or obscene, is properly prepared and is accompanied by the requisite filing fee." *Id.* This court has likewise recognized that a clerk is

authorized only by court rule or by law to refuse to accept a complaint for filing. *Gribbons v. Acor Orthopedic, Inc.*, 8th Dist. Cuyahoga No. 84212, 2004-Ohio-5872, ¶ 14.

{¶22} R.C. Chapter 2303 et seq. set forth the statutory duties and responsibilities of the clerk of the common pleas court. R.C. 2303.10 states that "the clerk of the common pleas court shall indorse upon every paper filed with him the date of the filing * * *." R.C. 2303.08 states that "the clerk of the court of common pleas shall indorse on each pleading or paper filed in the clerk's office the time of filing * * *." It further provides that "[t]he clerk may refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section." *Id.* No other section in R.C. Chapter 2303 et seq. authorize the clerk to reject a pleading for any other reason.

{¶23} Loc.R. 8(B) of the Court of Common Pleas of Cuyahoga County, General Division, provides that "[t]he clerk is authorized to refuse to accept for filing any case that does not contain a Case Designation Form indicating the category of the cause and any related cases, pending or closed, or if the case has been previously filed and dismissed." There is no other provision in the local rules that allows the clerk to refuse to accept a manually filed complaint for any other reason, and no provision that allows the clerk to refuse to accept a manually filed complaint when the parties' addresses are not listed in the caption. Thus, the clerk was not authorized by law or court rule to refuse to accept Jones's complaint on March 30, 2017.

{¶24} As appellees point out, the Cuyahoga County Court of Common Pleas First Amended Temporary Administrative Order (the "TAO"), filed on October 4, 2013, governing the court's electronic filing system, was in effect when Jones filed her paper complaint on March 30,

2016.[3]  Appellees argue that under the TAO, an action is not commenced until it is accepted by the clerk for filing and, thus, because the clerk did not accept Jones's complaint on March 30, 2017, it was not timely filed.  Appellees direct us to *Rutti v. Dobeck,* 8th Dist. Cuyahoga No. 105364, 2017-Ohio-8737, and *Culler v. Marc Glassman*, *Inc.*, 8th Dist. Cuyahoga No. 101386, 2014-Ohio-5434, as support for their argument.

{¶25} In *Culler*, the plaintiff electronically filed his complaint on the final day allowed by the statute of limitations, but the clerk of courts rejected the filing for lack of a signature. Upon being notified of the rejection, the plaintiff resubmitted his complaint within one business day of the notification.  Thus, the plaintiff asserted that his corrected filing, which was filed after the statute of limitations had run, should be deemed timely filed.

{¶26} This court disagreed and affirmed the trial court's dismissal of the complaint as barred by the statute of limitations.  This court found that the TAO applied to the plaintiff's electronic filing, and that the TAO gave the clerk authority to "review the data and documents electronically submitted to ensure compliance with court rules, policies, procedures and practices before officially receiving the documents for filing and creating a docket entry."  *Id.* at ¶ 15. The TAO further provided that an electronically filed document would receive an electronic stamp reflecting the date and time of filing only after the document had been accepted by the clerk for filing.  *Id*.  This court concluded that the TAO therefore makes a distinction between a party's submission of a document and the clerk's acceptance of the document.  *Id.* at ¶ 16.  It further found that the TAO places the general responsibility for accurate filing upon the party, and that a party has a general duty to check the docket and keep himself apprised of the status of

---

[3] The TAO was superseded by Loc.R. 39 of the Court of Common Pleas of Cuyahoga County, General Division, effective October 10, 2018, which governs electronic filing in the common pleas court.

the case. *Id.* at ¶ 17. Thus, this court held that because the plaintiff's complaint reflected that it had been accepted by the clerk (thus filed) after the statute of limitations had run, the trial court did not err in dismissing the complaint. *Id.* at ¶ 19.

**{¶27}** In *Rutti*, the clerk of courts rejected the plaintiff's electronically filed complaint because it was "corrupted." *Rutti*, 8th Dist. Cuyahoga No. 105364, 2017-Ohio-8737 at ¶ 9. The plaintiff asserted that he was not notified of the rejected complaint and only learned of the rejection after the statute of limitations had run. *Id.* Hence, he argued that his complaint was timely filed. *Id.*

**{¶28}** This court disagreed. The court found that the TAO was applicable to the plaintiff's electronic filing, and that in light of the TAO and *Culler*, the trial court did not err in dismissing the complaint as barred by the statute of limitations. *Id.* at ¶ 16.

**{¶29}** Appellees contend that this court's precedent in *Culler* and *Rutti* mean that the submission of a complaint for filing does not commence an action until it is accepted by the clerk, and the submitting party bears the burden of checking the docket to ensure acceptance of the complaint within the statute of limitations. They assert that this case is like *Culler* and *Rutti*, and that Jones's complaint was filed after the expiration of the statute of limitations because her counsel did not ensure that the complaint was accepted for filing and that any defects with the submission were remedied before the statute expired. Appellees contend that Jones cannot avoid her failure to do so by blaming the clerk of courts for not accepting her complaint on March 30, 2017.

**{¶30}** We disagree. Neither *Culler* nor *Rutti* is on point with this case because both involved a court order applicable to the common pleas court's electronic filing system, not rules or a court order applicable to the manual filing of a complaint. Indeed, as set forth above, there

are no court rules or law that authorizes the clerk of courts to reject a manually filed complaint because it does not contain the addresses in the caption of the complaint.

{¶31} Appellees argue, however, that even if *Culler* and *Rutti* apply only to electronically filed documents, the rules applicable to the court's electronic filing system should also apply to manually filed complaints to avoid a "double standard" for electronic and manual filings. Although it would seem that the local rules for manual and electronic filing should be the same, they are not, and this court cannot change the rules of the common pleas court. The law and court rules in effect when Jones filed her complaint on March 30, 2017, did not authorize the clerk to reject her manually filed complaint for lack of addresses in the caption.

{¶32} Appellees contend, however, that such a result would negate the well-established rule, applicable to either manual or electronic filings, that it is a party's responsibility to check the docket to ensure proper filing. But as Jones points out, checking the docket would have been futile because her complaint was never docketed. And the clerk's rejection of Jones's complaint was noted only on the clerk's "returned cases log," a log that is apparently not available for public access.

{¶33} Because the clerk had no authority to reject Jones's complaint filed on March 30, 2017, Jones's claims against Dr. Scher were commenced within the statute of limitations, as extended by the tolling agreements. Accordingly, the trial court erred in granting appellees' motion for summary judgment with respect to Dr. Scher. The assignment of error is therefore overruled in part and sustained in part.

{¶34} Judgment affirmed in part; reversed and remanded in part.

It is, therefore, considered that the parties share equally their costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR