[Cite as *Covarrubias v. Lowe's Home Improvement, L.L.C.*, 2021-Ohio-1658.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ERIC COVARRUBIAS,                    :

    Plaintiff-Appellant,          :

                       No. 109819

    v.                            :

LOWE'S HOME IMPROVEMENT,
L.L.C., ET AL.,                      :

    Defendants-Appellees.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 13, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-920317

---

### *Appearances:*

Plevin & Gallucci, Co., L.P.A., David R. Grant, and Frank L. Gallucci, III; Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube, *for appellant*.

Roetzel & Andress, L.P.A., and Nicholas P. Resetar, *for appellee*.

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Eric Covarrubias ("appellant") appeals the judgment of the trial court granting judgment on the pleadings in favor of defendants-appellees Lowe's Home Improvement, L.L.C., Lowe's Companies, Inc.,

Lowe's Home Improvement Warehouse, Inc., and Lowe's Home Centers, Inc. ("appellees") and dismissing his complaint. After a thorough review of the law and facts, we reverse and remand this matter to the trial court for further proceedings.

## I. Factual and Procedural History

{¶ 2} On August 22, 2017, appellant filed a personal injury suit against appellees. The substance of appellant's claims is not relevant to the instant appeal.

{¶ 3} On August 22, 2019, appellant's counsel attempted to file suit against appellees utilizing the electronic filing system of the Cuyahoga County Clerk of Courts. Appellant's counsel encountered issues while filing the complaint, but believed that he had completed the process that afternoon. However, the complaint was not actually received by the clerk until the following morning, at which time it was docketed, and a confirmation email was sent to appellant's counsel. The complaint was time-stamped as having been filed on August 23, 2019.

{¶ 4} On September 13, 2019, appellant filed a motion for order correcting docket entry regarding his complaint. Along with the motion, appellant submitted an affidavit of his counsel, outlining the events that occurred when he attempted to file the case on August 22, 2019, and stating his belief that the case had been filed at that time.

{¶ 5} Appellees filed their opposition to appellant's motion, and appellant submitted a reply brief. The court held an evidentiary hearing on appellant's motion. The defense called a representative from the clerk's office, who

acknowledged that glitches have occurred in the electronic filing system, but that she did not know if a glitch occurred in the filing of appellant's complaint.

{¶ 6} Appellant's counsel also testified at the hearing and detailed the events that occurred when he attempted to electronically file the complaint.

{¶ 7} The court ultimately denied appellant's motion, finding that regardless of whether there had been an error on the part of appellant's counsel or the clerk's office, it lacked authority to change the docket and extend the jurisdictional deadline in the case. The court cited Loc.R. 39(H)(3)(a) of the Court of Common Pleas of Cuyahoga County, General Division, which provides that "[t]echnical failures, whether the fault of the court's E-Filing system or otherwise, cannot extend jurisdictional deadlines (such as statutes of limitation or deadlines for appeal)."

{¶ 8} Appellees filed a motion for partial judgment on the pleadings, related to their defense of the statute of limitations and shortly thereafter filed an amended motion for judgment on the pleadings.

{¶ 9} Appellant filed a brief in opposition to the amended motion for judgment on the pleadings and his own motion for partial summary judgment upon statute of limitations defense, along with a motion for reconsideration of his prior motion to correct the docket.

{¶ 10} The trial court granted appellees' amended motion for judgment on the pleadings and dismissed the complaint without prejudice. The following day, the court denied appellant's motion for partial summary judgment as moot and

declined to reconsider its previous decision on appellant's motion to correct the docket.

{¶ 11} Appellant then filed the instant appeal, raising two assignments of error for our review:

> I. The trial court erred, as a matter of law, by dismissing plaintiff-appellant's personal injury action as untimely under Civ.R. 12(C).
>
> II. By finding that plaintiff-appellant's meritorious motion for partial summary judgment was moot, the trial court further erred as a matter of law.

## II. Law and Analysis

### A. Appellees' Amended Motion for Judgment on the Pleadings

{¶ 12} In his first assignment of error, appellant argues that the trial court erred in granting judgment on the pleadings based upon a finding that appellant's complaint was filed beyond the statute of limitations.

{¶ 13} Motions for judgment on the pleadings are governed by Civ.R. 12(C). This rule provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling on a Civ.R. 12(C) motion, the court is restricted to the allegations in the pleadings and any writings attached as exhibits to the pleadings. *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9. "'Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'" *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570, 664

N.E.2d 931 (1996). Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that the moving party is entitled to judgment as a matter of law. *Id.*

{¶ 14} We review a trial court's decision to grant a motion for judgment on the pleadings de novo. *Id.* "If a statute of limitations defense is pleaded and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is appropriate." *Mangelluzzi v. Morley*, 2015-Ohio-3143, 40 N.E.3d 588, ¶ 9 (8th Dist.), citing *Steinbrink v. Greenon Local School Dist.*, 2d Dist. Clark No. 11CA0050, 2012-Ohio-1438, ¶ 13; *see also Gides v. Marcus & Millichap*, 8th Dist. Cuyahoga No. 102595, 2015-Ohio-4383, ¶ 10 ("When a party raises a statute of limitations defense in its answer, the defense is available as grounds for a motion to dismiss brought pursuant to Civ.R. 12(C)."), citing *Zhelezny v. Olesh*, 10th Dist. Franklin No. 12AP-681, 2013-Ohio-4337, ¶ 14.

{¶ 15} There is no dispute in this matter that appellant's complaint alleges claims for personal injuries under R.C. 2305.10, which are therefore subject to a two-year statute of limitations. There is also no dispute that appellant was required to file his complaint by August 22, 2019, in order to comply with the statute of limitations.

{¶ 16} Before we can assess the propriety of judgment on the pleadings in this matter, we must analyze the underlying issue of whether appellant's complaint

was timely filed. The parties clearly acknowledge that this is an ancillary issue to the appeal and have briefed it accordingly.

{¶ 17} Early after his complaint was filed, appellant moved the trial court for an order correcting the docket entry. The motion asked the court to correct the docket to reflect that the complaint was filed with the Cuyahoga County Clerk of Courts on August 22, 2019, rather than August 23, 2019.

{¶ 18} In support of this motion, appellant presented the affidavit of his counsel, who stated that on the afternoon of August 22, 2019, he filed a complaint on behalf of appellant through the Cuyahoga County Clerk of Court's Electronic Filing System. He further stated that, during the process, he had uploaded the proper file, submitted the correct payment information, and taken the same steps as he had in the past with other successful filings. Appellant's counsel attached to his affidavit a printout of a webpage from the e-filing system that listed the new case under "My Filings."

{¶ 19} At no point did appellant's counsel receive an email message or notification from the clerk's office that the filing had been rejected or otherwise not accepted. Nevertheless, the following morning, his assistant checked the clerk's online system and was unable to find a case number and/or docket for the complaint. The assistant then contacted the clerk's office, who told her that they had the filing but that it had not been processed. No further steps were taken by appellant's counsel, yet the complaint was then filed, albeit with a filing date of August 23, 2019.

{¶ 20} The court held a hearing on appellant's motion to correct the docket. Appellees called a witness from the clerk's office, Jessica Kirkpatrick, to explain the filing process and address the circumstances of appellant's filing. Ms. Kirkpatrick stated that there was no way of knowing whether a glitch in the system had occurred with regard to appellant's filing but acknowledged that glitches had occurred in the past in other matters.

{¶ 21} Ms. Kirkpatrick was questioned about appellant's counsel's printout of the webpage showing "My Filings," where the filing status of the instant matter was noted as "i." Ms. Kirkpatrick testified that the "i" means that the filing was in progress, but that it was not fully submitted yet. Ms. Kirkpatrick explained the process of electronically filing a new civil action as follows:

> You begin the filing, and automatically when you begin the filing, you do receive a confirmation number so that, as you stated, you can go back in and edit a filing should need be.

> You'll upload your Complaint, put in your parties. Take you — the screen will take you to the payment. You'll submit the payment and then you'll scroll down to the bottom and then click "submit" for review, and that's the final step when the case is sent to the Clerk's office in our, what's called our queue. It will come to us for review.

{¶ 22} Ms. Kirkpatrick stated that when the e-filer hits "submit," the filing status of "i" becomes an "r," meaning "received." Once the filing is received by the clerk's office, it is reviewed by someone on the clerk's staff, verified that the document is acceptable for filing, and then the "r" becomes a checkmark.

{¶ 23} Appellant's counsel stated in his affidavit that he pressed the "submit" button. Nothing happened, so he clicked it again. He then checked the "My Filings"

page and noted that the case of "*Eric Covarrubias v. Lowe's Home Improvement, L.L.C., et al.*" was listed. The case was actually shown twice with two separate E-file identification numbers. Because the case was listed under "My Filings" that afternoon, appellant's counsel believed that he had completed the process well before the end of the day on August 22, 2019, and thus, had successfully filed the case within the statute of limitations.

{¶ 24} Since it was past 4:30 p.m. when he had finished, appellant's counsel was not surprised that he did not receive a confirmation notice from the clerk's office that evening. However, the next day, he still had not received a confirmation or rejection of the filing. When appellant's counsel's assistant contacted the clerk's office regarding this, she was informed that the clerk's office had the case but that it had not been processed yet. The filing was then accepted and assigned a case number without any further effort from appellant's counsel.

{¶ 25} E-filing is mandatory under the court's local rules and electronic submissions are subject to screening by the clerk's office prior to being accepted and docketed. Loc.R. 39(F)(3) provides that the clerk will perform a "clerk review" of the submitted documents during normal business hours and will either accept or reject the submission. "Clerk review" is defined as follows:

> A review of electronically filed documents by the Clerk of Courts. The clerk will review the data and documents electronically submitted to ensure the document is signed by the filer, is in compliance with all court formatting rules, is accompanied by the required payment, does not require a judge's signature, and that the document matches what the filer states he or she is filing.

Loc.R. 39(B)(1).

{¶ 26} While appellees contend that nothing was submitted to the court on August 22, 2019, this assertion is belied by appellant's counsel's testimony that the complaint was eventually processed the following day through no further action by appellant's counsel. The filing was in the clerk's system and was able to be received and accepted by the clerk's office without any additional steps taken by appellant's counsel.

{¶ 27} Based upon the evidence before the court, the complaint was submitted for filing on August 22, 2019; accordingly, the timestamp should have reflected the same. Whether or not it was accepted by the clerk was entirely out of appellant's counsel's hands, and there is no assertion that there was any reason the complaint would not have been accepted. Given that appellant's counsel had uploaded the complaint, selected the credit card to pay the filing fee, and hit "submit" prior to 5:00 p.m., which was well within the electronic filing deadline of 11:59 p.m., it was reasonable for him to assume that the filing was in the queue to be processed and that he would receive confirmation of the filing the next day.

{¶ 28} In denying appellant's motion to correct the docket, the trial court relied heavily on Loc.R. 39(H), which provides that "[t]echnical failures, whether the fault of the court's E-Filing system or otherwise, cannot extend jurisdictional deadlines (such as statutes of limitation or deadlines for appeal)." The trial court stated that it was immaterial whether it was an error on the part of appellant's

counsel or the court's e-filing system. The court held that it was without authority to change the docket and extend the jurisdictional deadline.

{¶ 29} However, the Supreme Court of Ohio has held that "the expiration of a statute of limitations is an affirmative defense that may deprive a plaintiff of a right to recover, but it does not extinguish the jurisdiction of the court over the subject matter." *Travis v. Thompson*, 8th Dist. Cuyahoga No. 78384, 2001 Ohio App. LEXIS 2757, 8-9 (June 21, 2001), citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶ 30} Accordingly, there was no jurisdictional issue in this matter. Regardless, the court was not required to extend the statute of limitations; rather, the court simply had to deem appellant's complaint filed as of August 22, 2019, the day that the evidence shows that appellant's counsel completed all of the tasks necessary in order for the complaint to be accepted by the clerk's office.

{¶ 31} While we acknowledge that there is a difference between a party's submission of a filing and the clerk's acceptance thereof, there has been no assertion that appellant's complaint was improper and should not have been accepted for filing. There was nothing further for appellant's counsel to do to effect filing of the complaint.

{¶ 32} Accordingly, we find that, based upon the evidence before it, the trial court should have deemed appellant's complaint timely filed as of August 22, 2019, and consequently denied appellees' motion for judgment on the pleadings. "Fairness and justice are best served when a court disposes of a case on the merits."

*Sovey v. Lending Group of Ohio*, 8th Dist. Cuyahoga No. 84823, 2005-Ohio-195, ¶ 8, citing *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). "It is always preferred that cases be decided on their merits rather than on technicalities." *Sovey,* citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983). Fundamental fairness in the case sub judice requires that appellant's complaint be deemed filed as of August 22, 2019. *See, e.g., Jones v. Univ. Hosps. of Cleveland*, 2018-Ohio-4704, 124 N.E.3d 390, ¶ 33 (8th Dist.) (reversing summary judgment after finding that appellant's complaint should have been deemed timely filed); *Rhoades v. Harris*, 135 Ohio App.3d 555, 558-559, 735 N.E.2d 6 (1st Dist.1999) (same).

{¶ 33} With the above in mind, we emphasize that our holding is limited to the particular facts of this case. We do not intend to hold that in every case where a party encounters technical difficulty in filing their complaint that the trial court should deem these cases timely filed. The appropriateness of such action should be examined on a case-by-case basis.

{¶ 34} Because appellant's complaint should have been deemed filed on August 22, 2019, it was therefore error to grant judgment on the pleadings based upon the statute of limitations. Appellant's first assignment of error is sustained, and this matter is reversed and remanded to the trial court for further proceedings.

### B. Appellant's Motion for Summary Judgment

{¶ 35} In his second assignment of error, appellant argues that the trial court erred in finding that appellant's motion for partial summary judgment and

reconsideration was moot. Since we have sustained appellant's first assignment of error, this issue has been rendered moot.

### III. Conclusion

{¶ 36} The trial court erred in granting appellees' motion for judgment on the pleadings where appellant's complaint should have been deemed filed on the day prior and thus, within the statute of limitations. Appellant's first assignment of error is therefore sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings.

{¶ 37} Appellant's second assignment of error is moot.

{¶ 38} Judgment reversed and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR