[Cite as *Hanak v. Kraus*, 2022-Ohio-1941.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JANE HANAK, ET AL.,                    :

    Plaintiffs-Appellants,        :

                                       No. 110884

    v.                                       :

KIMBERLY KRAUS, M.D., ET AL.,          :

    Defendants-Appellees.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 9, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-943309

---

### *Appearances:*

Jane Hanak and Mark Hanak, *pro se.*

Reminger Co., L.P.A., Clifford C. Masch, and Jeanne M. Mullin, *for appellees.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Plaintiffs-appellants Jane Hanak and Mark Hanak ("the Hanaks") appeal the trial court's decision dismissing their medical-malpractice action against defendants-appellees Kimberly Kraus, M.D.; Anthony J. Gingo, M.D.; Anthony J.

Gingo, M.D., Inc., d.b.a. Drs. Gingo and Kraus Women's Health Specialists; and Drs. Gingo and Kraus Women's Health Specialists Inc. Upon review, we affirm.

**Background**

{¶ 2} On January 26, 2021, the Hanaks filed a medical-malpractice action against appellees. The Hanaks did not attach an affidavit of merit to the complaint. Instead, they filed a "motion for enlargement of time of 90 days to file affidavit(s) of merit" pursuant to Civ.R. 10(D)(2)(b), in which they stated the "[m]otion is filed in good faith" and that "[t]his brief extension of time is necessary to prepare the affidavit writing by secured medical expert witness. Due to Plaintiff, Jane Hanak, illness of Covid 19, medical appointments were ceased."

{¶ 3} The appellees filed motions to dismiss the complaint and opposed the Hanaks' request for an enlargement of time to file an affidavit of merit. Appellees argued that the complaint should be dismissed pursuant to Civ.R. 12(B)(6) because it was a refiled complaint that was not filed within the original one-year medical-malpractice statute of limitations or within one year of the dismissal of the original action. Appellees also argued that the complaint did not comply with Civ.R. 10(D)(2) and that the Hanaks failed to establish good cause to obtain an extension of time to submit an affidavit of merit. Appellees attached a copy of the notice of voluntary dismissal filed on January 23, 2020, in the original case and a copy of the journal entry that dismissed the original case without prejudice on January 24, 2020.

{¶ 4} In opposition to the motions to dismiss, the Hanaks acknowledged that their original complaint had been filed on September 5, 2019, that they were given two extensions of time to file an affidavit of merit in the original case, they filed a notice of voluntary dismissal pursuant to Civ.R. 41(A) on January 23, 2020, and the original case was dismissed without prejudice on January 24, 2020. The Hanaks also acknowledged that by operation of Ohio's savings statute, R.C. 2305.19(A), they had until January 24, 2021, to refile their claims against appellees. The Hanaks stated that they submitted their complaint for e-filing on January 22, 2021; however, the clerk sent an electronic notice of rejection for an invalid filing. The Hanaks alleged the e-filing system was not available over the weekend. The complaint was again submitted and was accepted for filing on Tuesday, January 26, 2021. The Hanaks argued that the complaint should have been considered timely filed when it was first submitted for e-filing on January 22, 2021.

{¶ 5} The Hanaks also made other arguments pertaining to the discovery rule. They further argued in support of their motion for enlargement of time to file an affidavit of merit. The Hanaks claimed they had good cause for requesting an extension of time because their retained specialist needed to review the medical records before he could provide an affidavit of merit and could not meet with Ms. Hanak until January 2021. Attached to the opposition brief was an affidavit of Jane Hanak, an affidavit of merit provided by Mickey M. Karram, M.D., and unauthenticated documents reflecting Jane Hanak's registration with the clerk of court's electronic filing system, a filing confirmation reflecting the complaint was

submitted for e-filing on January 22, 2021, and an electronic notification from the clerk of courts of the e-file case rejection for an invalid filing on January 22, 2021. Dr. Karram opined in the affidavit of merit that "the standard of care was breached by one or more of the Defendants to the action and the breach caused injury to Ms. Jane Hanak and her husband, Mark Hanak."

{¶ 6} Additional briefing by the parties was filed. On September 9, 2021, the trial court issued a decision that granted the motions to dismiss filed by appellees and dismissed the case with prejudice. The trial court ruled as follows:

> Due to the fact that plaintiffs failed to refile this matter either (1) within one year of their voluntary dismissal pursuant to Civ.R. 41(A), or (2) within the original one-year medical malpractice statute of limitations, the court must dismiss this case as a matter of law. Further, plaintiffs' affidavit of merit is deficient as it does not identify "each defendant named in the complaint." Therefore, pursuant to Civ.R. 12(B)(6), Civ.R. 10(D)(2), R.C. 2305.113(A), and R.C. 2305.19(A), the complaint is dismissed with prejudice.

{¶ 7} The Hanaks timely filed this appeal.

**Law and Analysis**

{¶ 8} As an initial matter, appellees have filed a motion to strike factual allegations in the appellants' brief that are not contained in the record. Generally, an appellate court "is limited to the record of the [trial court's proceedings]" and "cannot add matter to the record before it * * *." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. "Statements in an appellate brief, or attachments thereto, are not part of the record in determining the

appeal." *Welther v. Plageman*, 10th Dist. Franklin No. 19AP-774, 2021-Ohio-713, ¶ 9, citing *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. Franklin No. 12AP-395, 2012-Ohio-5906, ¶ 8; *see also Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group*, 10th Dist. Franklin No. 05AP-593, 2006-Ohio-508, ¶ 13. Because the statement of the case and the statement of the facts in the appellants' brief contain a lengthy discussion of factual allegations that are not part of the record, we strike those sections of the appellants' brief.[1] Upon our review, we shall consider the record as it existed before the trial court.

{¶ 9} Under their first assignment of error, the Hanaks challenge the trial court's dismissal of their complaint for a deficient affidavit of merit. Under their second assignment of error, the Hanaks challenge the dismissal of their complaint for being untimely filed. We certainly understand the Hanaks' position that their claims of wrongdoing should be heard; however, we are bound to follow Ohio law in determining whether their claims were timely filed. Also, the federal rules, which were raised at oral argument, are not applicable in this matter.

{¶ 10} We review a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *See Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 10, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "A court may dismiss a complaint as untimely under Civ.R. 12(B)(6)

---

[1] A separate order has issued on the motion to strike. An appellate court is confined, pursuant to App.R. 12(A)(1)(b), to the record before it as defined in App.R. 9(A). *See Lamar v. Marbury*, 69 Ohio St.2d 274, 277, 431 N.E.2d 1028 (1982). The appellants' brief may not be utilized to bring factual matters and proceedings before the appellate court not otherwise appearing in the record.

only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred." *Id.* at ¶ 11, citing *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11; *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). A court is permitted to take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10.

{¶ 11} R.C. 2305.113(A), which is the applicable statute of limitations, states that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." Ohio's savings statute, R.C. 2305.19(A), provides:

> In any action that is commenced or attempted to be commenced * * *, if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the * * * plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 12} There is no dispute that the original complaint was filed September 5, 2019, and the original case was dismissed without prejudice on January 24, 2020. Pursuant to R.C. 1.14 and Civ.R. 6(A), because the last day of the limitations period was a Sunday, the Hanaks had until January 25, 2021, to file their complaint. The record reflects that the Hanaks' complaint was filed on Tuesday, January 26, 2021, which was one day late. However, the Hanaks argue that they submitted their complaint for e-filing on January 22, 2021, but it was rejected as an invalid filing,

and thereafter, they encountered difficulties with the e-filing system and in reaching the e-file help desk for assistance. They maintain they had extenuating circumstances that should have been recognized by the trial court and that their complaint should be considered timely filed.

{¶ 13} The Ohio Supreme Court has repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. Additionally, "[i]t is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures, and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). These principles have been applied to pro se litigants who have encountered difficulties with the court's electronic filing system. *See Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 10.

{¶ 14} E-filing is mandatory under Loc.R. 39.0 of the Court of Common Pleas of Cuyahoga County, General Division. *See* Loc.R. 39.0(A). Pursuant to Loc.R. 39.0(F)(3), electronic submissions are subject to screening by the clerk's office prior to being accepted and docketed. Loc.R. 39.0(B)(1) defines the clerk's review of e-filed documents to include, among other requirements, "compliance with all court formatting rules," and Loc.R. 39.0(D) sets forth various formatting requirements for all e-filed documents. Loc.R. 39.0(F) further provides in part as follows:

(6) The clerk will notify the E-Filer by e-mail of the successful submission.

(7) If the clerk rejects a submitted document, the document will not become part of the official court record. The clerk will notify the E-Filer by e-mail if the E-Filer's submission has been rejected.

(8) Filing a document electronically or the clerk's rejection of a document does not alter the filing deadline for that document.

Additionally, Loc.R. 39.0(H)(3) instructs that system users may file paper documents when encountering technical problems with the court's filing system in order to comply with certain deadlines.

{¶ 15} In this matter, because the complaint was not properly filed by January 25, 2021, it was untimely. If the Hanaks encountered a technical problem when trying to file their documents after receiving a rejection notice, they could have filed their complaint and their motion with the clerk's office in paper format on Monday, January 25, 2021, to comply with the filing deadline. *See* Loc.R. 39.0(H)(3). The alleged difficulties that the Hanaks encountered in e-filing their documents properly did not require the complaint to be deemed timely filed. *See Saeed* at ¶ 10 (finding a pro se plaintiff that had trouble with the court's electronic filing system was required to adhere to the statutory time requirements the same as any other litigant); *Rutti v. Dobeck*, 8th Dist. Cuyahoga No. 105634, 2017-Ohio-8737, ¶ 14 (finding complaint was time-barred when it was untimely filed after being submitted and rejected for e-filing); *compare Covarrubias v. Lowe's Home Improvement, L.L.C.*, 2021-Ohio-1658, 172 N.E.3d 516, ¶ 31-33 (8th Dist.) (limited holding that found a complaint that was properly submitted for filing, but not

processed and accepted by the clerk's office until the following day, could be deemed timely filed); *Jones v. Univ. Hosps. of Cleveland*, 2018-Ohio-4704, 124 N.E.3d 390, ¶ 23-24 (8th Dist.) (finding the clerk of courts lacked authority to reject a manually filed complaint for lack of addresses in the caption, but recognizing the court's temporary administrative order governing the court's electronic filing system, which was superseded by Loc.R. 39, was not applicable to a manual filing). Upon our review, we find the trial court did not err in dismissing the complaint as time-barred.

{¶ 16} Next, we recognize that although the complaint did not include an accompanying affidavit of merit, the Hanaks filed a motion for an enlargement of time to file an affidavit of merit. Thereafter, they filed a defective affidavit in responding to the motion to dismiss. Civ.R. 10(D)(2) requires that a complaint that contains a medical claim "shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." The rule expressly makes clear that "the affidavit is necessary in order to 'establish the adequacy of the complaint.'" *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10, quoting Civ.R. 10(D)(2)(d). The affidavit of merit must include several averments by the expert that go to the validity of the medical claim. *Id.* at ¶ 9; Civ.R. 10(D)(2)(a).

{¶ 17} "The affidavit-of-merit requirement thus prevents the filing of medical claims that are not supported by an expert's opinion, and it deters filing actions against all medical providers who cared for a patient." *Erwin v. Bryan*, 125

Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 19. The Supreme Court of Ohio has held that "[b]ecause the heightened standard imposed by the explicit text of [Civ.R. 10(D)(2)(d)] goes directly to the sufficiency of the complaint, a motion to dismiss for failure to state a claim upon which relief can be granted is the proper remedy when the plaintiff fails to include an affidavit of merit." *Fletcher* at ¶ 13.[2]

{¶ 18} In this case, the Hanaks filed with their complaint a motion for enlargement of time to file an affidavit of merit. Civ.R. 10(D)(2)(b) permits a plaintiff to file with the complaint a motion to extend the time in which to file an affidavit of merit, and the rule states that "[f]or good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit * * *."[3] After the appellees filed their motions to dismiss, the Hanaks were given an opportunity to respond to the motions. In their opposition brief, the Hanaks set forth facts and circumstances to support their assertion of good cause and they attached the affidavit of merit of Dr. Karram as well as the affidavit of Jane Hanak.

---

[2] Pursuant to Civ.R. 10(D)(2)(d), "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." "Nevertheless, where a case is dismissed after appellant has refiled the complaint under the saving statute, the dismissal is functionally a dismissal with prejudice." *Adkins v. Women's Welsh Club of Am.*, 8th Dist. Cuyahoga No. 106859, 2019-Ohio-70, ¶ 14, citing *Metro v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 100799, 2014-Ohio-3146, ¶ 2.

[3] Civ.R. 10(D)(2)(c) details the circumstances and factors the court is to consider in determining whether good cause exists to grant the plaintiff an extension of time to file the affidavit of merit.

{¶ 19} The affidavit of merit of Dr. Karram generally averred that "the standard of care was breached by one or more of the Defendants to the action * * *." This was not sufficient to satisfy Civ.R. 10(D)(2), which requires a plaintiff to submit affidavit(s) of merit "relative to each defendant named in the complaint." *See O'Stricker v. Robinson Mem. Hosp. Found.*, 2017-Ohio-2600, 90 N.E.3d 28, ¶ 45 (11th Dist.) (the affidavit must be specific enough to indicate the standard of care was breached by each defendant named in the complaint); *Woods v. Riverside Methodist Hosp.*, 10th Dist. Franklin No. 11AP-689, 2012-Ohio-3139, ¶ 14 ("An affidavit that vaguely avers that the standard of care was breached by one or more defendants is insufficient."). The trial court properly recognized that pursuant to Civ.R. 10(D)(2), "plaintiffs' affidavit of merit is deficient as it does not identify 'each defendant named in the complaint.'" Although the trial court did not afford appellees an extension of time to cure the defect, we are unable to find the circumstances warranted an extension because the complaint was time-barred.[4]

{¶ 20} Based on a de novo review of the trial court proceedings, we conclude the trial court did not err in dismissing the action pursuant to Civ.R. 12(B)(6), R.C. 2305.113(A), and 2305.19(A).

---

[4] Because we have found the action is time-barred, we need not address whether an extension would be authorized pursuant to Civ.R. 10(D)(2)(e). *Compare Chapman v. S. Pointe Hosp.*, 186 Ohio App.3d 430, 2010-Ohio-152, 928 N.E.2d 777 (8th Dist.), and *Jarina v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 91468, 2008-Ohio-6846, *with Wilson v. Mercy Health*, 11th Dist. Trumbull No. 2021-T-0004, 2021-Ohio-2470, ¶ 11, and *Estate of Aukland v. Broadview NH, LLC*, 10th Dist. Franklin Nos. 16AP-661 and 16AP-765, 2017-Ohio-5602, ¶ 19. We also note that this case is distinguishable from *Adkins*, which was "not a case in which a defective affidavit had been filed." *Adkins*, 8th Dist. Cuyahoga No. 106859, 2019-Ohio-70, at ¶ 18.

**{¶ 21}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR