[Cite as *In re L.A.*, 2024-Ohio-3107.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE L.A. | : | |
| | | Nos. 113347 and 113676 |
| A Minor Child | : | |
| | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 15, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL21106563 and DL22106670

---

### *Appearances:*

Elizabeth Miller, Ohio Public Defender, and Victoria Ferry and, Lauren Hammersmith, Assistant State Public Defenders, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Stephen Rocco Vernia, Assistant Prosecuting Attorney, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, L.A. ("L.A."), appeals the decision of the trial court denying his request for recalculation of confinement credit. For the reasons that follow, we reverse the decision of the trial court and remand the case for a hearing.

**Procedural History**

{¶ 2} On August 2, 2021, L.A. was charged in Cuyahoga J.C. No. DL21106563 ("Case 1") with two counts of rape. L.A. admitted to an amended charge of sexual battery, a felony of the third degree, on January 12, 2022, and was adjudicated a delinquent child. The remaining charge was nolled. On March 22, 2022, the Cuyahoga County Court of Common Pleas, Juvenile Division (the "Juvenile Court"), entered its order of disposition committing L.A. to the custody of the Department of Youth Services ("DYS") for a minimum of six months and a maximum period not to exceed L.A.'s 21st birthday. This sentence was to run consecutively to Case No. 22102793, which is not before this court. With that addition, L.A.'s minimum term was extended to one year. The trial court suspended the sentence and ordered a period of community control with probation for a period of one year.

{¶ 3} On July 6, 2022, L.A. was charged in Cuyahoga J.C. No. DL21106670 ("Case 2") with two counts of rape and two counts of gross sexual imposition. L.A. admitted to an amended count of sexual battery, a felony of the third degree, incorporating the date range for both counts of rape; and an amended count of gross sexual imposition incorporating the date range for both counts of gross sexual imposition on November 21, 2022. On February 1, 2023, the Juvenile Court entered its order of disposition committing L.A. to the custody of DYS for a minimum of six months and a maximum period not to exceed L.A.'s 21st birthday on each count. The Juvenile Court ordered the counts to run consecutively to each other and

consecutively to the sentence in Case 1. The Juvenile Court suspended the sentence and ordered a period of community control with probation for a period of two years. One of the conditions of probation included that L.A. "successfully engage in and complete all services at Abraxas including Anger Management and Sex Offender Treatment." On February 2, 2023, the Juvenile Court extended L.A.'s probation in Case 1 for one year.

{¶ 4} On May 4, 2023, L.A.'s probation officer filed a motion for violation of probation in Case 1. The sole allegation in the motion alleged that L.A. had not engaged with treatment at Abraxas; specifically that he had received 11 critical incident reports and been both verbally and physically aggressive. Abraxas had submitted a request to remove L.A. from the treatment program and recommended that he be placed in a higher level of care. On May 31, 2023, the Juvenile Court held a hearing on the motion. The probation officer made an oral motion to incorporate Case 2 into the violation hearing, which was granted. L.A. admitted to the allegations in the motion, and the Juvenile Court found L.A. in violation of the terms of his probation.

{¶ 5} On June 22, 2023, the Juvenile Court conducted a disposition hearing and imposed the previously ordered terms in Cases 1 and 2 to run consecutively to one another for a minimum term of 18 months to a maximum term not to exceed L.A.'s 21st birthday. The court ordered credit for 137 precommitment days.

{¶ 6} On September 29, 2023, L.A. filed a motion for recalculation of confinement credit. L.A. argued that he was entitled to an additional 194 days credit

for his time spent in Abraxas. The Juvenile Court denied the motion, noting that "the youth's placement in Abraxas was through the Cuyahoga County Division of Children and Family Services and not a court-ordered placement."

{¶ 7} L.A. now appeals, challenging the denial of credit for his time in Abraxas and the failure of the Juvenile Court to have a hearing on the matter.

**Law and Analysis**

{¶ 8} A juvenile court has broad discretion to craft an appropriate disposition for a child who has been adjudicated delinquent. *See In re D.S.*, 2006-Ohio-5851, ¶ 6, specifically addressing R.C. 2152.19(A)(4), 2152.01(A), and 2152.01(B). The juvenile court's disposition will not be overturned absent an abuse of discretion. *Id.* "However, where the facts are not in dispute and the appellate court is . . . faced with the purely legal question of whether the juvenile court correctly applied the law to the facts to determine whether time spent at a [facility] constitutes 'confinement,' such question is a matter of law that we review de novo." *In re C.H.*, 2020-Ohio-5188, ¶ 16 (8th Dist.) quoting *In re J.C.E.*, 2016-Ohio-7843, ¶ 9 (11th Dist.), citing *In re T.W.*, 2016-Ohio-3131, ¶ 4 (1st Dist.).

{¶ 9} R.C. 2152.18(B) requires the juvenile court to include in its order of commitment the "total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based." DYS is then required "to reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total

number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department." *Id.*

{¶ 10} The Juvenile Court, without a hearing, refused to credit L.A.'s time in Abraxas because the Cuyahoga County Division of Children and Family Services ("DCFS") arranged the placement. Appellee agrees and alleges in its brief that the placement was pursuant to L.A.'s dependency case, Case No. AD19909493. In support of this contention, appellee has attached documents from that case to its brief. We may not consider this material. We are limited to the record of the trial court's proceedings and are not permitted to add to the record before us. *Hanak v. Kraus*, 2022-Ohio-1941, ¶ 8 (8th Dist.). Further, statements and attachments to the appellate brief that were not presented to the trial court are not part of the record and cannot be considered by this court. *Id.*

{¶ 11} This case requires this court to consider two issues: whether L.A.'s stay at Abraxas was in connection with his delinquency complaints and whether his stay at Abraxas qualifies as confinement sufficient to award confinement credit. When considering whether to grant credit, "judges must consider whether the period of detention for which a juvenile seeks credit is sufficiently linked — i.e., was *in connection with* the delinquent child complaint upon, which the order of commitment is based." *In re D.S.*, 2016-Ohio-7369, ¶ 18 (emphasis in original). Furthermore, "a child is entitled to credit for the time served in a rehabilitation or treatment facility while awaiting the adjudication or disposition of the original

delinquency complaint as well as the time the juvenile is held in one of those facilities on a complaint for a probation violation related to the original delinquency complaint." *Id.*, citing *In re Thomas*, 2003-Ohio-5162, ¶ 11.

{¶ 12} The record before this court reveals that after L.A. was charged in Case 2, the Juvenile Court held pretrials at which a DCFS worker informed the court that L.A. was eligible for placement in Abraxas. DCFS was waiting for a bed to become available. 8/29/22 and 9/21/22 JEs. In the November 18, 2022 adjudication order, the Juvenile Court ordered a sex offender assessment and ordered L.A. to be released to his DCFS caseworker for placement in Abraxas. In the February 1, 2023 disposition order, the Juvenile Court required L.A. to successfully engage in and complete all services at Abraxas. Finally, L.A. violated probation when he failed to comply with this condition, leading to his probation revocation and imposition of the term at DYS. The record before us establishes that L.A.'s placement in Abraxas was part of both the delinquency case and a case involving DCFS. We cannot determine from this record, with certainty, whether the commitment was "in connection" with the delinquency complaint as required by statute.

{¶ 13} Because there is insufficient evidence in the record to establish whether L.A.'s stay at Abraxas was in connection with the delinquency complaints, we need not reach whether he is entitled to credit for his time there.

{¶ 14} Because the trial court did not conduct a hearing, there is no evidence in the record that allows this court to determine whether L.A.'s time in Abraxas can

be considered "confinement" under the statute. Accordingly, we reverse the decision of the Juvenile Court and remand the case for a hearing for the court to fully consider whether L.A.'s time in Abraxas was in connection with these delinquency complaints and, if so, the nature of Abraxas, whether it is a secure facility, and the nature of restrictions placed on L.A. while there, i.e., whether he was free to come and go as he pleased or was subject to restrictions imposed by staff or other barriers.

{¶ 15} Accordingly, L.A.'s assignment of error is sustained to the extent it asks for a remand for a hearing to determine whether L.A.'s stay at Abraxas entitles him to confinement credit.

{¶ 16} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR